JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASHICA SHERMAN; et al., | CASE NO. CV 19-1584-R |
| Plaintiffs, | ORDER GRANTING MOVANT UNITED STATES OF AMERICA'S MOTION TO REMAND |
| v. | |
| DIGNITY HEALTH; et al., | |
| Defendants. | |

Before the Court is Movant United States of America's Motion to Remand, filed March 27, 2019 (Dkt. No. 17). This action was originally filed in Los Angeles County Superior Court on January 11, 2019. Defendant Rakhi Sinha subsequently removed the case unilaterally to this Court on March 4, 2019, purportedly on the basis of 28 U.S.C. § 1442 and 42 U.S.C. § 233(*l*)(2). Specifically, Sinha claims in her Notice of Removal to be a "deemed employee" of the United States Public Health Service, as "an employee of, acting on behalf of, South Central Family Health Center (SCFHC), a federal grant recipient under the Public Health Service Act . . . ." (Dkt. No. 1). According to the Notice of Removal, 42 U.S.C. § 233(*l*)(2) thus gives Sinha a right to remove this action to federal court. *Id.* The statute provides absolute immunity to actual and deemed employees of the Public Health Service and provides for substitution of the United States in their place as a defendant in the action. *See* 42 U.S.C. § 233(a),(g).

Sinha further claims a right to removal under 28 U.S.C. § 1442(a)(1) as an officer of the United States, or a person acting under an officer of the United States, sued in an official or individual capacity for an act performed under color of such office. The Notice of Removal asserts that Sinha "was acting under SCFHC's federal grantor agency, HHS" and that she "provided HHS-approved medical and/or surgical services to plaintiff at the California Hospital Medical Center as part of a cross-coverage arrangement designed to facilitate care to SCFHC's patients." Furthermore, "the Secretary of HHS issued a 'final and binding' Notice of Deeming Action, which provides that SCFHC and its officers, directors, and employees, including Dr. Sinha, are deemed to be federal employees of the Public Health Service for purposes of § 233(a)'s absolute immunity." However, the Attorney General has not certified under § 233(c) or (*l*)(1) that Sinha was acting within the scope of her employment.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." *Id.*

**42 U.S.C. § 233(*l*)(2)**

Here, 42 U.S.C. § 233(*l*)(2) does not provide a basis for removal. Before a defendant can remove an action to federal court under § 233(*l*)(2), the Attorney General must have failed to appear in the state court action within 15 days after being notified of the filing of the state court action or, alternatively, must have certified that the defendant was acting within the scope of his or her employment. *See* 42 U.S.C. § 233(*l*)(1)-(2). Here, the Attorney General's designee, the United States Attorney's Office, received actual notice of the filing of the Complaint from HHS on February 27, 2019. Seven days later, on March 6, 2019 the U.S. Attorney for the Central District of California filed a Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1) in the underlying Los Angeles Superior Court action.

Under similar circumstances, courts in this and other federal districts have determined that "[u]nder the plain text of Section 233(*l*)(2), removal was improper because the Attorney General

2

did not 'fail to appear' within '15 days after being notified' of the state court action." *Babbitt v. Dignity Health*, 2018 WL 6040472, at *3 (C.D. Cal. Nov. 19, 2018) (citing 42 U.S.C. § 233(*l*)(1)-(2); *Allen v. Christenberry*, 327 F.3d 1290, 1294-95 (11th Cir. 2003)). The statute does not permit a defendant to unilaterally remove a case to federal court without the Attorney General first certifying FTCA coverage or failing to appear within 15 days after receiving notice. *K.C. v. Cal. Hos. Med. Ctr.*, 2018 WL 5906057, at *3-5 (C.D. Cal. Nov. 13, 2018).

Sinha contends that HHS's receipt of the Sherman Complaint on January 31, 2019 should have started the 15-day clock on the Attorney General's deadline to respond, since 42 U.S.C. § 233(b) requires commissioned employees of the Public Health Service to notify their superiors of any tort claims filed against such employees "while acting within the scope of his office or employment," as defined by § 233(a). Sinha claims that under § 233(b), those superiors must then "promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary." However, Sinha has cited to no authority permitting constructive notice to be attributed to the Attorney General under this theory, and it is contrary to prior decisions in this district. *See K.C.*, 2018 WL 5906057, at *5 (dismissing similar imputed notice argument and finding that the 15-day clock begins once the U.S. Attorney receives actual notice for the first time). Accordingly, Sinha has not established that this case was properly removed to federal court under 42 U.S.C. § 233(*l*)(2).

**28 U.S.C. § 1442(a)(1)**

Sinha presents the additional argument that she is entitled to remove under 28 U.S.C. § 1442(a)(1), which creates removal jurisdiction for claims brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" Sinha is not a federal officer or employee; however, she claims to have a right of removal under § 1442(a)(1) because she "was acting under SCFHC's federal grantor agency, HHS" and because SCFHC has been deemed a federal entity by the Secretary of HHS for purposes of 42 U.S.C. § 233(g). However, "[t]he FSHCAA states that an individual may be deemed an

employee of PHS, and thus a federal employee, 'for purposes of this section,' not for purposes of all federal removal statutes." *K.C.*, 2018 WL 5906057, at *5 (citing 42 U.S.C. § 233(g)(1). Furthermore, the "acting under" relationship contemplated by § 1442 "typically involves 'subjection, guidance, or control.'" *Id.* at *6 (citing *Watson v. Phillip Morris Cos.*, 551 U.S. 142 (2007) (quoting Webster's New International Dictionary 2765 (2d ed. 1953))). "A person's actions 'must involve an effort to *assist,* or to help *carry out,* the duties or tasks of the federal superior,' beyond 'simply *complying* with the law.'" *Id.* (emphasis in original). Here, as in *K.C.*, Sinha has not met her burden of demonstrating that she "acted under" a federal agency or officer according to this standard. *Id.*; *see also L.D.Q. v. California Hospital Medical Center*, 2018 WL 6040474 at *3 (C.D. Cal. Nov. 16, 2018). A defendants status as an employee of a federal grant recipient is insufficient to establish federal officer or agency jurisdiction.

**IT IS HEREBY ORDERED** that Movant United States of America's Motion to Remand is GRANTED. (Dkt. No. 17).

**IT IS FURTHER ORDERED** that Defendant Sinha's Motion to Stay Case and Motion to Substitute United States as a defendant are DENIED as moot. (Dkt. Nos. 27, 28).

Dated: May 23, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE